UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE MILLER, | : | CIVIL NO: 1:13-CV-00473 |
| | : | |
| Petitioner, | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | |
| THOMAS DECKER, *et al.*, | : | |
| | : | (Magistrate Judge Schwab) |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

Because the petitioner, Wayne Miller ("Miller"), has been released on an order of supervision from immigration custody, this habeas corpus case in which Miller challenges his immigration detention is moot. Thus, I recommend that the petition for a writ of habeas corpus be dismissed and that the case file be closed.

**I.  Background.**

On February 21, 2013, Miller filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. At the time he filed his petition, Miller was in the custody of the United States Immigration and Customs Enforcement ("ICE"). He challenged his detention during the adjudication of his removal proceedings, and he sought his release from custody.

On March 27, 2014, the respondents filed a Notice of Suggestion of Mootness, informing the Court that Miller was released from ICE custody under an order of supervision.[1] The respondents argue that because Miller has been released on bond, his petition for a writ of habeas corpus challenging his immigration detention is moot. On the same date that the respondents filed their notice, I ordered that, if Thomas does not agree that his petition is moot, he should file a reply to the respondents' Notice of Release and Response to the Petition for Writ of Habeas Corpus on or before April 28, 2014. Miller has not filed a reply, and, my Order was returned to sender.

**II.    Discussion.**

Article III of the Constitution provides that the judicial power of the United States shall extend to "cases" and "controversies." U.S. Constitution, art. III, §2. "[F]ederal courts may adjudicate only actual, ongoing cases or controversies," *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990), and "[i]t is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'" *United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011)(quoting *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997)). "Federal courts may not 'decide questions that

---

[1]    It is unclear when Miller was released. The respondents cite to an attachment that was never filed on the docket. *See Doc.* 17.

cannot affect the rights of litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical state of facts.'" *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013)(quoting *Lewis, supra,* 494 U.S. at 477). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726-27 (2013)(quoting *Murphy v. Hunt,* 455 U.S. 478, 481 (1982)).

This case is moot.  In his habeas petition, Miller sought release from ICE custody.  He has achieved that result.  Since Miller has already been released from custody, this Court can no longer provide him any relief in this habeas case, and his petition challenging his detention is now moot. *See Nunes v. Decker,* 480 F.App'x 173, 175 (3d Cir. 2012)(holding that petitioner's release from immigration detention rendered habeas petition moot).

### III. Recommendation.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that Miller's petition for a writ of habeas corpus (*Doc.* 1) be dismissed as moot and that the case file be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **21st** day of **May, 2014**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge