# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WAYNE MILLER**, | : | **CIVIL ACTION NO. 1:13-CV-0473** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **THOMAS DECKER**, *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 16th day of June, 2014, upon consideration of the report (Doc. 4) of Magistrate Judge Susan E. Schwab (Doc. 20), recommending the court dismiss the petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Wayne Miller ("Miller") as moot in light of Miller's release from immigration custody, and, following an independent review of the record, the court agreeing with the magistrate judge that Miller's petition became moot upon his release from the custody of United States Immigration and Customs Enforcement, see Nunes v. Decker, 480 F. App'x 173, 174-75 (3d Cir. 2012) (dismissing § 2241 petition as moot because petitioner "achieved the result he sought in his habeas petition and his change in circumstances has 'forestalled any occasion for meaningful review'"), and it appearing that neither party has objected

to the report, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 20) of Magistrate Judge Schwab is ADOPTED in its entirety.

2. The petition (Doc. 1) for a writ of habeas corpus is DISMISSED as moot.

3. The Clerk of Court is directed to CLOSE this case.

        /S/ CHRISTOPHER C. CONNER
        Christopher C. Conner, Chief Judge
        United States District Court
        Middle District of Pennsylvania

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.